IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARROLINE WEBB, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MDOW INSURANCE COMPANY and )<br>CROFT CLAIMWORKS, LC, )<br>)<br>Defendants. ) | Case No. CIV-24-00806-JD |

**ORDER**

Before the Court are the parties' Motions in Limine. [Doc. Nos. 50, 54]. Plaintiff Carroline Webb ("Plaintiff") filed a Response to Defendants' Motions in Limine. [Doc. No. 56]. Defendants filed Objections to Plaintiff's Motions in Limine. [Doc. No. 58]. The Court rules on each motion as outlined below.

I.   **STANDARD OF REVIEW**

A motion in limine is a "'pretrial request that certain inadmissible evidence not be referred to or offered at trial.'" *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis omitted) (quoting *Motion in Limine*, Black's Law Dictionary (10th ed. 2014)). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (citation omitted).

A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion. *Luce v. United States*, 469 U.S. 38, 41–42 (1984). Motions in limine that lack specificity are properly denied. *See Shotts v. GEICO Gen. Ins. Co.*, No.

CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018); *see also Mantle v. Albertson's, Inc.*, No. 03-cv-1601-T, 2004 WL 7330805, at *2 (W.D. Okla. Sept. 29, 2004) (denying motion in limine "due to the lack of specificity").

The Court's analysis is guided by Federal Rule of Evidence 102 that the Federal Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." The Court must determine relevancy, *i.e.*, whether the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. However, the Court may exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

## II.     DEFENDANTS' MOTIONS IN LIMINE

Defendants filed fifteen Motions in Limine. [Doc. No. 50]. Plaintiff does not contest Motions in Limine Nos. 4, 5, 7, 9, 11, 12, 13, 14 and 15. [Doc. No. 56 at 1 (classifying the previous motions as "undisputed")].[1] Accordingly, the parties agree to the exclusion of evidence as outlined in the chart below.

---

[1] In this order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

| MIL No. | Subject Matter of Excluded Evidence |
|---|---|
| 4 | The parties agree to exclude any reference to settlement discussions, including any testimony that Defendants attended mediation, made offers to confess, or other attempts to resolve the case before trial. [Doc. No. 50 at 5]. |
| 5 | The parties agree to exclude evidence, testimony, or argument regarding verdicts or judgments from other lawsuits and settlements of other lawsuits. [*Id.* at 6]. |
| 7 | The parties agree to exclude testimony or argument by Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses requesting or suggesting any specific amount of damages (or formula for calculating the same) related to Plaintiff's bad faith claim. [*Id.* at 7–10]. |
| 9 | The parties agree to exclude expert opinions not previously disclosed by Plaintiff during the testimony of any expert witness called by Plaintiff. [*Id.* at 11]. |
| 11 | The parties agree to exclude any reference by Plaintiff or Plaintiff's witnesses to Defendants' failure to call witnesses or introduce evidence at trial. [*Id.* at 13]. |
| 12 | The parties agree to exclude any comments or evidence in the presence of the jury regarding Defendants' conduct during discovery. [*Id.* at 13–14]. |

| MIL No. | Subject Matter of Excluded Evidence |
|---|---|
| 13 | The parties agree to exclude any rebuttal evidence that Plaintiff should have included in her case-in-chief. [*Id.* at 14–15]. |
| 14 | The parties agree to exclude any arguments about the admissibility of evidence in the presence of the jury. [*Id.* at 15]. |
| 15 | The parties agree to exclude any reference to evidence excluded by the Court's ruling on matters presented in Defendants' Motions in Limine. [*Id.*]. |

Accordingly, the Court must resolve Defendants' Motions in Limine Nos. 1, 2, 3, 6, 8, and 10. The Court addresses each motion and the related objections below.

    **A.    Defendants' Motion in Limine No. 1: reptilian tactics**

Defendants request that the Court exclude "reptilian tactics" at trial, such as questions asked during depositions about the consequences if an insurer does not treat an insured with good faith. [Doc. No. 50 at 2–3]. As outlined above, a motion in limine must specifically outline the evidence sought to be excluded. "Without a detailed presentation of the facts which give rise to the issue sought to be addressed by the motion in limine, a motion in limine amounts to little more than a request that the court faithfully apply the rules of evidence." *Hussein v. Duncan Reg'l Hosp., Inc.*, No. CIV-07-0439-F, 2009 WL 10672480, at *1 (W.D. Okla. Oct. 20, 2009). Outside of the example given by Defendants, Defendants do not adequately describe the "reptilian tactics" they seek to exclude. Accordingly, the Court must address all objections to such evidence as they

arise during the course of trial. The Court **DENIES** Motion in Limine No. 1 without prejudice to Defendants raising the objection during trial.

      **B.**      **Defendants' Motion in Limine No. 2: "Golden Rule" arguments**

Defendants request that the Court exclude any comments about the Golden Rule, including (1) telling the jury "to do unto others as you would have them do unto you;" (2) telling the jury to send a message via their verdict; (3) telling the jury to be "the conscience of the community;" and (4) suggesting or asking the jurors to place themselves in Plaintiff's position. [Doc. No. 50 at 3]. "As a general matter, a party may be permitted to advance Golden Rule arguments on the issue of liability, but such arguments are not admissible on the issue of damages." *Shotts*, 2018 WL 4832625, at *2 (citing *Shultz v. Rice*, 809 F.2d 643, 651–52 (10th Cir. 1986)). The Tenth Circuit has allowed Golden Rule arguments when the reasonableness of conduct is an issue regarding liability. *See Shultz*, 809 F.2d at 652. However, "[u]se of the so-called 'golden rule' argument, when its aim is to elicit an emotional response by jurors, is improper." *Smith v. CSAA Fire & Cas. Ins. Co.*, No. CIV-17-1302-D, 2020 WL 4340546, at *2 (W.D. Okla. July 28, 2020). With these principles in mind, the Court **GRANTS** the motion as it pertains to Golden Rule commentary on damages and **RESERVES** decision regarding the motion as it pertains to Golden Rule commentary on liability and will consider it in the context of how it is presented at trial.

  **C.**  **Defendants' Motion in Limine No. 3: any reference to other claims, incidents, or lawsuits**

  Defendants request that the Court exclude any evidence or testimony relating to other claims, complaints, and/or lawsuits against Defendants. [Doc. No. 50 at 4–5]. Defendants do not identify specific testimony or evidence they seek to exclude. [*See id.*]. Plaintiff responds that she would like to cross-examine Defendants' witnesses regarding other claims or lawsuits to show a "pervasive, consistent pattern of abuse," which the Tenth Circuit has found admissible under Federal Rule of Evidence 406. [Doc. No. 56 at 5–6 (citing *Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1218–19 (10th Cir. 1998))]. As correctly cited by Plaintiff, in *Vining*, the Tenth Circuit approved of the practice of admitting evidence of an insurance company's treatment of other insureds for purposes of establishing a routine practice of the insurance company. 148 F.3d at 1218–19. "In a bad faith insurance case, evidence of a defendant's treatment of other insureds is relevant and admissible pursuant to Federal Rule of Evidence 406 (habit) to prove the insurer engaged in a pervasive, consistent and habitual pattern to underpay claims in bad faith." *Metzger v. Am. Fid. Assurance Co.*, No. CIV-05-1387-M, 2007 WL 4342082, at *1 (W.D. Okla. Dec. 7, 2007).

  While Plaintiff has shown that Courts have allowed evidence of other claims handled by the defendant insurer in cases involving bad faith claims, Plaintiff has not shown how any particular evidence here is admissible under this theory, nor have Defendants demonstrated any particular evidence that is inadmissible. Since neither party

6

has adequately presented sufficient details of specific evidence that Plaintiff might attempt to admit under this theory, a ruling on admissibility would be premature.

At least one judge in this district has denied a similar motion based on a failure to challenge specific evidence. *See Dennis v. Progressive N. Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 4871039, at *8 (W.D. Okla. April 9, 2018) ("The Court tends to agree with Plaintiff that, at least certain evidence and testimony regarding Progressive's treatment of other UM claims, particularly claims specific to Oklahoma, is both relevant and admissible. But without any specific evidence cited by Progressive, the Court finds any ruling is premature."); *see also Hellard v. Mid Century Ins. Co.*, 519 F. Supp. 3d 1025, 1030 (N.D. Okla. 2021) (denying similar motion because the Court had insufficient information about the evidence to determine whether it met the Rule 406 standards or whether it was similar to the plaintiff's claim).

Accordingly, the Court **RESERVES** ruling on Defendants' Motion in Limine No. 3 to this general category of evidence. Before embarking on any line of questioning that could elicit testimony under this theory, Plaintiff shall notify the Court and Defendants' counsel outside the hearing of the jury. The parties shall be prepared to present reasoned arguments for why the specific evidence of other litigation or claims handling Plaintiff seeks to admit should or should not be admitted. The parties also shall be prepared with agreed curative instructions if any part of this evidence or testimony is admitted.

### D. Motion in Limine No. 6: reference to Defendants' financial condition or assets in Stage One of the trial

Defendants request that the Court preclude the admission of evidence or cross-examination about the financial condition of Defendants for the purpose of showing Defendants can afford to pay Plaintiff a large amount of money during the liability phase of the trial. [Doc. No. 50 at 6–7]. Plaintiff does not oppose the motion as it relates to assets or financial condition of Defendants. [Doc. No. 56 at 6 ("Plaintiff does not object to Motion in Limine No. 6 as it is entitled.")]. However, Defendants' motion also references the size of Defendants, which Plaintiff states could encompass "numbers of employees, locations of offices, and even levels of managerial staff." [*Id.*]. The Court **GRANTS** Defendants' motion as it pertains to financial condition, assets, or size of Defendants for the purpose of demonstrating Defendants can afford to pay Plaintiff. The Court **DENIES** the motion without prejudice as it pertains to the size of Defendants for another purpose. The Court will address any specific objections to testimony pertaining to the size of Defendants, as it relates to any issue besides Defendants' ability to pay, during the course of trial.

### E. Defendants' Motion in Limine No. 8: any reference to punitive damages-related evidence in Stage One of trial

Defendants request that the Court exclude punitive damages-related evidence during Stage One of the trial. [Doc. No. 50 at 11]. The only such evidence specifically identified by Defendants are references to "sending a message to Defendants," "sending a message to the insurance industry," "making an example of Defendants," and "punishing Defendants." [*Id.*]. Plaintiff responds that she "must be allowed to make statements and

8

present argument or evidence relevant to establishing whether Defendants' claims handling conduct constitutes reckless disregard or malice during Phase I proceedings" in order to meet her burden of proof to demonstrate she is entitled to punitive damages. [Doc. No. 56 at 7–8].

Under Oklahoma law, which applies in this diversity case, punitive damages are recoverable for breach of the duty of good faith and fair dealing if the evidence demonstrates that Defendants acted with reckless disregard or intentionally and with malice. *See* 23 Okla. Stat. § 9.1(B)–(C). If the jury finds reckless disregard or intentionally and with malice exists by clear and convincing evidence, the parties address the amount of punitive damages in a separate phase of the trial. *See* 23 Okla. Stat. § 9.1; Oklahoma Uniform Jury Instruction (OUJI)-CIV, Instruction Nos. 22.5, 22.7.

Accordingly, the Court **GRANTS** the motion as it pertains to statements, argument, or the admission of evidence of punitive damages during the first phase of trial, including any reference to punishing Defendants or making an example of Defendants as outlined above. The Court **DENIES** the motion without prejudice as it pertains to statements, argument, or evidence regarding whether Defendants recklessly disregarded their duties or intentionally and with malice breached their duties.

  **F.**  **Defendants' Motion in Limine No. 10: any mention of the Unfair Claims Settlement Practices Act**

Defendants request that the Court exclude any evidence, testimony, argument, or opinions that Defendants violated the Unfair Claims Settlement Practices Act ("UCSPA"), 36 Okla. Stat §§ 1250.11–1250.16, and thus breached the insurance policy at

9

issue or violated their duty of good faith and fair dealing. [Doc. No. 50 at 11–13]. Plaintiff responds that she does not intend to base her bad faith claim upon allegations that Defendants violated the UCSPA. [Doc. No. 56 at 8]. Instead, Plaintiff states she intends to reference the UCSPA as "benchmark standards for the insurance industry." [*Id.*].

The UCSPA "does not establish standards of care or standards of conduct for measuring whether an insurer has violated its duty of good faith and fair dealing." *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2015 OK CIV APP 34, ¶ 24, 348 P.3d 216, 223. Neither does it "create a private remedy." *Id.* The UCSPA "was designed to provide the Insurance Commissioner with power to regulate the insurance industry by issuing 'cease and desist' orders or by revoking or suspending an insurance company's license to do business in Oklahoma." *Id.*

In *Aduddell*, the court explained that the USCPA "may provide guidance to a trial court in determining whether to grant summary judgment" but cautioned that "it does not function as an appropriate guide for a jury to determine bad faith." 2015 OK CIV APP 34, ¶ 26, 348 P.3d at 224. The court rejected a jury instruction that purported to state "[t]he standard of conduct with which insurers are expected to comply" and allowed the jury to consider violations of UCSPA standards with other evidence to "determin[e] whether or not [the insurer] breached its duty of good faith and fair dealing to [its insured]." 2015 OK CIV APP 34, ¶ 24 n.9, 348 P.3d at 223 n.9. Accordingly, the Court **GRANTS** Defendants' motion to the extent it seeks to exclude reference to Defendants' violation of the UCSPA in any way as it would be unduly prejudicial. *See* Fed. R. Evid.

10

403. However, Plaintiff may present testimony regarding industry standards. The Court reserves ruling on the motion to the extent it seeks to bar any reference to the UCSPA and to the extent the UCSPA outlines those industry standards.

### III.    PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff filed six motions in limine. [Doc. No. 54]. Defendants do not oppose Motion in Limine Nos. 4, 5, and 6. [Doc. No. 58 at 1 (referring to motions as "undisputed")]. Accordingly, the parties agree to the exclusion of evidence as outlined in the chart below.

| MIL No. | Subject Matter of Excluded Evidence |
| --- | --- |
| 4 | The parties agree to exclude any testimony or evidence that Plaintiff is unemployed. [Doc. No. 54 at 4–5]. |
| 5 | The parties agree to exclude any testimony or evidence regarding Plaintiff's ability to pay her deductible. [*Id.* at 5]. |
| 6 | The parties agree to exclude any testimony or evidence that Defendant Croft ClaimWorks is not liable for breach of contract or bad faith because of its status as a third-party adjusting firm. [*Id.*]. |

Accordingly, the Court must resolve Plaintiff's Motions in Limine Nos. 1, 2, and 3. The Court addresses each motion and the related objections below.

#### A.    Plaintiff's Motion in Limine No. 1: any testimony regarding the timing of Plaintiff's retention of counsel

Plaintiff requests that the Court exclude testimony regarding when Plaintiff retained legal counsel. [*Id.* at 2–3]. Plaintiff argues that such testimony would be

11

irrelevant, prejudicial, and confuse the jury. [*Id.*]. Defendants agree to not elicit testimony regarding when Plaintiff hired counsel but would like to introduce evidence that Plaintiff's transmission of the petition that initiated this lawsuit halted communications between the parties regarding payment of Plaintiff's claim. [Doc. No. 58 at 1–2]. The Court concludes that this is relevant to Defendants' defense and is not prejudicial because Defendants are not seeking to introduce it for the purpose of demonstrating "that Plaintiff's counsel was somehow responsible for Defendant's conduct" as suggested by Plaintiff. [Doc. No. 54 at 2–3]. The Court, therefore, **GRANTS** the motion to the extent it seeks to exclude testimony regarding when Plaintiff retained counsel and **DENIES** the motion to the extent it seeks to exclude testimony regarding when Defendants received the petition.

> **B.     Plaintiff's Motion in Limine No. 2: any testimony or evidence seeking to impose a burden on Plaintiff to call prior to filing suit**

Plaintiff requests that the Court exclude any testimony or evidence that Plaintiff could have resolved her concerns by calling Defendants. [*Id.* at 3]. Plaintiff seeks to exclude this testimony or evidence as confusing and prejudicial. [*Id.*]. Defendants argue that this evidence is relevant to whether Plaintiff mitigated her damages. [Doc. No. 58 at 2]. Pursuant to Federal Rule of Evidence 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues," among other things. The confusion and prejudice Plaintiff seems to reference is that such testimony or evidence would imply Plaintiff was under a legal duty to call Defendants in advance of executing the Proof of Loss. [*See* Doc. No. 54 at 3].

12

Efforts Plaintiff made to resolve her claim are relevant to her mitigation of damages. The Court does not conclude that the danger of confusing the issues substantially outweighs this relevant evidence. Fed. R. Evid. 403. Nor has Plaintiff explained how the admission of the evidence would *unfairly* prejudice her. *See id.* To the extent Plaintiff "went to great lengths to try to obtain clarification" from Defendants regarding the Proof of Loss or that "Defendants have no grounds to suggest that Plaintiff had any reason to call them[,]" Plaintiff's counsel can develop that testimony at trial. [Doc. No. 54 at 3]. The Court **DENIES** the motion.

### C. Plaintiff's Motion in Limine No. 3: any testimony or evidence suggesting that Plaintiff was legally required to sign the release

Plaintiff requests that the Court exclude testimony or evidence that Plaintiff was legally or contractually required to execute the Proof of Loss, which Plaintiff asserts was a release. [*Id.* at 4]. In response, Defendants state that they "have no objection to refraining from claiming Plaintiff was legally required to sign what is incorrectly referred to as a release." [Doc. No. 58 at 3]. Defendants also state that "Plaintiff would have been required to sign the Sworn Statement Proof of Loss at the conclusion of her claim." [*Id.*]. The Court, therefore, **GRANTS** Plaintiff's motion to the extent it seeks to exclude testimony or evidence that Plaintiff was legally or contractually required to sign the Proof of Loss. However, this does not preclude Defendants from presenting evidence or testimony that they would have required Plaintiff to sign a Proof of Loss at the conclusion of her claim.

## IV. CONCLUSION

As discussed above, the Court takes the following actions on Defendants' Motions in Limine [Doc. No. 50].

Motions in Limine Nos. 4, 5, 7, 9, 11, 12, 13, 14 and 15 are **GRANTED** as undisputed.

Motions in Limine Nos. 2 and 10 are **GRANTED in part** as described herein.

Motion in Limine No. 1 is **DENIED**.

Motions in Limine Nos. 6 and 8 are **GRANTED in part and DENIED in part** as described herein.

The Court **RESERVES** decision on Motion in Limine No. 3.

As discussed above, the Court takes the following actions on Plaintiff's Motions in Limine [Doc. No. 54].

Motions in Limine Nos. 4, 5, and 6 are **GRANTED** as undisputed.

Motion in Limine No. 1 is **GRANTED in part** and **DENIED in part** as described herein.

Motion in Limine No. 2 is **DENIED** as described herein.

Motion in Limine No. 3 is **GRANTED** as described herein.

The above rulings are without prejudice, preliminary, and subject to change as the case proceeds or at the Court's discretion. *Luce*, 469 U.S. at 41–42. These rulings are subject to modification if a party opens the door to an otherwise excluded matter at trial.

IT IS SO ORDERED this 5th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE